Erin R. Ranahan (SBN 235286)
eranahan@winston.com
Thomas J. Kearney (SBN 267087)
tkearney@winston.com
**WINSTON & STRAWN LLP**
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone:   (415) 591-1000
Facsimile:    (415) 591-1400

Attorneys for Defendants Entertainment One
U.S. LP and Entertainment One U.K. Ltd.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MAHON, an individual,<br><br>             Plaintiff,<br><br>       v.<br><br>ENTERTAINMENT ONE U.S. LP; ENTERTAINMENT ONE U.K. LTD.; APPLE INC.; GOOGLE LLC; YOUTUBE LLC; and DOES 1-18,<br><br>             Defendants. | **Case No. 4:21-cv-08562-YGR**<br><br>**ENTERTAINMENT ONE DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Declaration of Robert Turner and Proposed Order filed concurrently herewith]<br><br>Amended Complaint Filed 11/11/2021<br><br>Hearing Date: [None Set] |

1  TO THE COURT, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        Pursuant to Civil L.R. 7-11 and 79-5, Defendants Entertainment One U.S. LP and Entertain-
3  ment One U.K. Ltd. ("eOne Defendants") respectfully submit this Statement in Support of Plaintiff's
4  Motion to File Under Seal Exhibit 1 and Exhibit 2 (collectively, the "Confidential Exhibits") to
5  Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 45) ("Opposi-
6  tion"). Exhibit 1 is an agreement between Entertainment One U.S. LP on the one hand, and Google
7  Inc. and Google Ireland Ltd. (collectively "Google") on the other, which concerns the eOne Defend-
8  ants' confidential business dealings, and is limited by a confidentiality provision. (Exhibit 1, ¶ 5).
9  Exhibit 2 is a non-public Memorandum of Understanding ("MOU") that reflects the confidential
10 internal business operations of the eOne Defendants and the other signatories. There are compelling
11 reasons to seal Exhibits 1 and 2.

12       There is a presumption of access to public records and documents and thereby judicial rec-
13 ords and documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). But the
14 federal common law right of access does not apply to documents filed under seal. *Phillips v. General*
15 *Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (citing *U.S. v. Corbitt*, 879 F.2d 224, 228 (7th
16 Cir. 1989)). Because there is a strong presumption in favor of access, however, the party seeking to
17 seal a judicial record related to a dispositive motion must meet a "compelling reasons" standard.
18 *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Courts have found
19 good cause to grant such a motion where "the redacted information is confidential business infor-
20 mation about royalty rates, terms of licensing agreements and revenues" and the party bringing the
21 motion "and its business partners would be harmed by the public disclosure of this information
22 because it would place them at a disadvantage in future negotiations." *Digital Reg of Texas, LLC v.*
23 *Adobe Systems, Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Additionally, Courts "reg-
24 ularly find that litigants may file under seal contracts with third parties that contain proprietary and
25 confidential business information." *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *5 (N.D.
26 Cal. June 30, 2015). Courts have found that the compelling reasons standard has been met when
27 parties seek to attach confidential financial agreements to parties' filings. *See Delfino Green &*
28 *Green v. Workers Compensation Sols., LLC*, No. 15-CV-02302-HSG, 2015 WL 4235356, at *2

-1-

eOne's Statement Supporting Admin. Mot. To File Under Seal
Case No. 4:21-cv-08562-YGR

(N.D. Cal. July 13, 2015) (granting motion to seal because disclosure of the agreements would subject the moving party to a breach of the confidentiality terms of the agreements and "might harm [its] ability to conduct its business"). And Courts "routinely find that non-public financial, pricing, and strategy information could harm litigants' competition standing and grant motions to seal such information." *Monster Energy Company v. Vital Pharmaceuticals, Inc.*, 2019 WL 3099711, at *2 (C.D. Cal. June 17, 2019) (citing cases from the U.S. Court for the Northern District of California).

In line with that case law, there are compelling reasons here to seal the Confidential Exhibits. Exhibit 1 is an agreement between Entertainment One U.S. LP and Google, which concerns the eOne Defendants' confidential business dealings, and is limited by a confidentiality provision. (Exhibit 1, ¶ 5). Exhibit 2 is a non-public MOU that reflects the confidential internal business operations of the eOne Defendants and the other signatories. Additionally, the parties are currently in the process of finalizing a Protective Order, which covers materials designated CONFIDENTIAL and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Exhibits 1 and 2 have been designated as such. Finally, Plaintiff's Motion is narrowly tailored to seal the Confidential Exhibits.

In addition, this Court has already ordered the Confidential Exhibits to be filed under seal in a related case brought by Plaintiff against the eOne Defendants. *Mahon v. Ent. One U.S. LP, et al.*, Case No. 20-cv-01527 (N.D. Cal. Mar. 2, 2020), ECF No. 77 at 2:12.

The eOne Defendants submit this Statement pursuant to Civil L.R. 79-5(d). Accompanying this Statement is the Declaration of Robert Turner in Support of Plaintiff's Administrative Motion to File Under Seal (ECF No. 46).

Dated: February 22, 2022     Respectfully submitted,

WINSTON & STRAWN LLP

By:  /s/  *Thomas J. Kearney*
Thomas J. Kearney (SBN 267087)
tkearney@winston.com
Erin R. Ranahan (SBN 235286)
eranahan@winston.com
WINSTON & STRAWN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone:    (415) 591-1000
Facsimile:    (415) 591-1400

Counsel for Defendants Entertainment
One U.S. LP and Entertainment One U.K. Ltd.

-3-