**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARK MAHON**, <br><br> Plaintiff, <br><br> v. <br><br> **ENTERTAINMENT ONE US LP, APPLE INC.; GOOGLE LLC, ET AL.,** <br><br> Defendants. | Case No.: 4:21-CV-08562-YGR <br><br> **ORDER GRANTING WITH PREJUDICE DEFENDANTS' MOTIONS TO DISMISS** <br><br> Dkt. Nos. 28, 33 |

Plaintiff Mark Mahon brings claims based on myriad defendants' alleged violations of his copyrights of the film and screenplay of "Strength and Honor."[1] (Dkt. No. 6 ("Comp.").) This order addresses the motions to dismiss filed by the Apple and Google defendants (hereinafter "Select Defendants").[2]

**I.    BACKGROUND**

Plaintiff previously filed suit against these Select Defendants and others based on virtually the same conduct underlying the instant case.[3] In the prior cases, plaintiff brought claims including

---

[1] Against Apple, Google, and YouTube plaintiff alleges (1) violation of 17 U.S.C. section 106; (2) interference with plaintiff's rights in violation of the Berne Convention Implementation Act of 1988; (3) Negligent Infliction of Emotional Distress; and (4) Intentional Infliction of Emotional Distress.

[2] The Apple defendants include Apple Inc., Apple Inc. d/b/a iTunes Store and the Google defendants include Google LLC, Google LLC d/b/a Google Play, and YouTube LLC, unless otherwise noted.

[3] On March 2, 2020, plaintiff filed separate actions against the defendants in this action as well as against Mainsail, which is not a party to this action. The prior actions against defendants addressed in this order are: *Mahon v. Apple Inc., et al.*, Case No. 20-Cv-01534-JSW (*Apple I*);

copyright infringement and "right of the author" claims. In an omnibus order, this Court dismissed without leave to amend all of plaintiff's right of the author claims, finding there is no such right, including under the Berne Convention Implementation Act ("BCIA"). (*YouTube I,* Dkt. No. 41 at 11-12.)[4]

In a subsequent omnibus order, this Court dismissed with prejudice plaintiff's claims against Alphabet and Google LLC. (*Id.*, Dkt. No. 49.) Plaintiff is currently engaged in litigation of his copyright claims with Apple defendants in *Apple I* and with Google and YouTube in *YouTube I*.

In the prior actions, plaintiff makes the following allegations which he also pleads in this case.[5] Plaintiff is an Irish filmmaker. (Comp. at ¶ 7.) He wrote, produced, directed, and financed the film "Strength and Honor" ("the Film"). (*Id.* at ¶ 19.) Plaintiff owns the copyright to both the screenplay of the Film and the Film. (*Id.* at ¶ 22.)

In or around April 2009, plaintiff assigned exclusive licensing rights and privileges to Mainsail LLC for the entire world, excluding North America and Ireland.[6] (*Id.* at ¶ 25.) Plaintiff sent materials including the approved cover, photographs, and the "master elements" for the Film to Mainsail and an associated company in Burbank, California. (*Id.* at ¶ 26.)

In January 2010, the Film was commercially released in Ireland and Europe with counterfeit covers and trailer (*i.e.,* not the ones provided to Mainsail by plaintiff). (*Id.* at ¶ 27.) In response, plaintiff sent a cease and desist to Mainsail and Entertainment One, a company with which

---

*Mahon v. Youtube LLC, et al.*, Case No. 20-CV-01525-RS (against defendants YouTube LLC and Google LLC d/b/a YouTube) (*YouTube I*); *Mahon v. Alphabet Inc., et al.*, Case No. 20-CV-01530-JD (against Alphabet Inc., Google LLC, and Google Play) (*Google I*).

[4] For docket items applicable to multiple cases, the Court cites to the docket with the lowest case number, *YouTube I*.

[5] For a summary of these facts as pled in the prior cases the Court refers to its omnibus order on defendants' motions to dismiss, available at *YouTube I*, Dkt. No. 41.

[6] The Court omits details regarding Mahon's production company, copyright registration and assignment history, and appeals in the California state court litigation, which are not directly relevant to the instant motions. For ease of reference, the Court uses "Mahon" to refer both to plaintiff in his individual capacity and to his wholly-owned production company, Maron Pictures, through which Mahon acted until 2015. (*YouTube I*, Dkt. No. 49 at 3, n. 4.)

Mainsail had contracted for work related to the advertising and release of the Film. (*Id.* at ¶ 28.)[7] There was extensive communication between plaintiff, Mainsail, and Entertainment One regarding release of the Film in Ireland and the UK as well as the use of unauthorized advertisements. (*Id.* at ¶¶ 27-37). Mainsail and Entertainment One did not stop their copyright violative conduct. (*Id.*)

The Film and the counterfeit advertisements were made available for purchase online by Apple and Google defendants. (*Id.* at ¶ 43.) Plaintiff was able to purchase the film on YouTube, Google Play, and Apple as recently as 2019. (*Id.* at ¶¶ 45-46.)

Based upon this Court's review of the complaint and plaintiff's own representations, the instant complaint includes the following new allegations not pled in the prior actions.[8] On October 6, 2021, plaintiff discovered, through discovery in one of the prior cases, that Entertainment One had chosen to market the Film as a "Brit[ish] flick" and created the counterfeit cover for the Film. (*Id.* at ¶¶ 33, 80.)

After receiving materials from Entertainment One, the Apple and Google defendants also marketed and publicly displayed and advertised the Film as a "Brit flick." (*Id.* at ¶ 128.) Defendants' representation of the film as British rather than Irish was intentional, offensive, and racist. (*Id.* at ¶¶ 80-81.) Plaintiff has experienced severe emotional distress because of defendants' conduct. (*Id.* at ¶ 81.)

Additionally, defendants acted wrongfully in defending themselves against plaintiff's claims in this and other cases. (*Id.* at ¶¶ 164-165.)

## II.   LEGAL STANDARD

A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a

---

[7] It is not clear from the instant complaint or the prior Google, Apple, and YouTube complaints how Entertainment One had become involved in transactions related to the Film, how plaintiff knew about Entertainment One's involvement, or the exact scope of Entertainment One's involvement.

[8] (Dkt. No. No. 47 at 5) (stating that these are the allegations differentiating his claims from those in *Apple I*); (Dkt. No. 48 at 6-8) (same as to Google defendants).

cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**III. ANALYSIS**

**A.    Violation of the Berne Convention Implementation Act of 1988 Claim**

This Court already dismissed plaintiff's prior BCIA claims with prejudice, explaining that there is no right of action under the BCIA.[9] (*YouTube I*, Dkt. No. 41 at 28.) Accordingly, this claim is **DISMISSED WITH PREJUDICE** as to the Apple and Google defendants.

**B.    Negligent Infliction of Emotional Distress ("NIED")**

Plaintiff's NIED claims against the Apple and Google defendants derive from (1) defendants' (1) defensive litigation of plaintiff's claims in this and the prior actions, and (2) publicization and representation of the Film as a "Brit flick." Defendants move to dismiss these claims for reasons including that they do not have a duty to plaintiff, as required to support a NIED claim.

---

[9] Plaintiff states in his opposition to defendants' motions to dismiss that this claim was not dismissed with prejudice. Dismissal with prejudice means that plaintiff failed to state a claim on the basis of the facts alleged therein. The Court dismissed the claim without leave to amend and stated that any amendment of this claim "would be futile." (*Youtube I,* Dkt. No. 41 at 28.) Thus, dismissal without leave to amend is the same as dismissal with prejudice as to the claims and facts alleged in the referenced complaint.

4

"Negligent infliction of emotional distress is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply." *Huggins v. Longs Drug Stores California, Inc.*, 6 Cal. 4th 124, 129 (1993). The existence of a duty is a question of law. *Id.* at 129 (citation omitted). A duty's "existence depends upon the foreseeability of the risk and a weighing of policy considerations for and against imposition of liability." *Levy v. Only Cremations for Pets, Inc.*, 57 Cal. App. 5th 203, 217 (2020). "[U]nless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty. Even then, with rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 985 (1993).

Even assuming that defendants' alleged use of plaintiff's copyrighted materials created some duty to plaintiff, plaintiff's "emotional condition" would not be "an object" of that duty and plaintiff has not alleged a threat of physical injury. *Potter*, 6 Cal. 4th at 985. Accordingly, plaintiff's NIED claims are **DISMISSED WITH PREJUDICE.**

### C. Intentional Infliction of Emotional Distress ("IIED")

Plaintiff bases his IIED claims on the same alleged conduct as his NIED claims. He alleges that (1) in seeking to have plaintiff's claims against them dismissed, defendants have acted oppressively, *id.* at ¶ 151, and (2) by advertising the Film as a "Brit flick" defendants acted with "racial discrimination, harassment and oppression." *Id.* at ¶ 81. He further alleges that defendants "engaged in the acts alleged . . . maliciously, fraudulently, and oppressively; with the wrongful intention of injuring Plaintiff; with the conscious disregard of the rights and safety of Plaintiff; and with an improper and evil motive amounting to malice" and that this caused him emotional distress. (*Id.* at ¶¶ 149, 155.) Defendants respond that the first basis for plaintiff's IIED claim is barred by the litigation privilege and the latter is preempted by the Copyright Act.

The litigation privilege bars claims based upon a party's communications during litigation, including claims that such communications caused emotional distress.[10] *Johnson v. JP Morgan Chase Bank DBA Chase Manhattan*, 536 F. Supp. 2d 1207, 1214 (E.D. Cal. 2008). To the extent the NIED claims are based on defendants' defensive litigation in this and the prior actions, they are dismissed based on litigation privilege.

The Court next considers if the remainder of plaintiff's IIED claims are preempted by the Copyright Act. The Copyright Act preempts state law claims based on copyright. *Laws. v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006) ("'[t]he intention of section 301 is to preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works, within the scope of the Federal copyright law.'") (quoting H.R.Rep. No. 94–1476, at 130 (1976)). To avoid preemption, a state law claim must address a right separate from copyright and contain "an extra element which changes the nature of the action." *Id.* at 1143 (quoting *Del Madera Props. v. Rhodes & Gardner*, 820 F.2d 973 (9th Cir.1987), overruled on other grounds, *Fogerty v. Fantasy*, Inc., 510 U.S. 517 (1994). Not all elements can qualify as an extra element. "An action will not be saved from preemption by elements such as awareness or intent, which alter the action's scope but not its nature." *Comput. Assocs. Int'l, Inc. v. Altai*, 982 F.2d 693, 717 (2d Cir. 1992) (internal quotation marks omitted); *see also Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022 (N.D. Cal. 2003).

The elements of an IIED claim are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050–51 (2009) (internal quotation marks and citations omitted). A defendant's conduct

---

[10] Litigation privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action" and "[t]he privilege is absolute." *Foothill Fed. Credit Union v. Superior Ct.,* 155 Cal. App. 4th 632, 635 (2007) (internal quotation marks and citations omitted) (finding litigation privilege barred action for intentional infliction of emotional distress and invasion of privacy claims based on defendant's conduct in litigation).

is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Potter*, 6 Cal. 4th 1001 (internal quotation marks omitted).  The conduct must be "intended to inflict injury or engaged with the realization that injury will result." *Id.* Generally, "mere insulting language, without more, does not constitute outrageous conduct." *Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 809 (2006) (citing *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 155, fn. 7 (1987)).

To the extent plaintiff's IIED claim is based on defendants' use of his copyrighted materials, his claim is preempted by the Copyright Act as there is no "extra element" to differentiate his IIED claim from a copyright claim.  *See, e.g., Evans v. NBCUniversal Media, LLC*, No. CV 21-0984-CBM-PD(X), 2021 WL 4513624, at *6 (C.D. Cal. July 23, 2021) (finding preemption where basis of IIED claim was copyright infringement); *Edwards v. Cinelou Films, LLC*, No. 216CV01014ODWAGRX, 2016 WL 9686986, at *5 (C.D. Cal. June 22, 2016), aff'd sub nom. *Edwards v. Cinelou Films*, 696 F. App'x 270 (9th Cir. 2017) (same).

Finally, with respect to defendants' alleged description of plaintiff's film as a "Brit flick," even if use of the term "Brit flick" to describe plaintiff's film were outrageous, plaintiff has not adequately pled that defendants intended to injure him.  Plaintiff makes bald assertions that defendants intended to inflict injury.  The facts pled do not indicate intent to harm plaintiff. Defendants' comments were not directed at plaintiff.  Indeed, as pled, the Apple and Google defendants were merely using language provided to them by Entertainment One to describe the film.  Given the lack of proffer that leave would be fruitful, no leave to amend is granted.  *See Loos v. Immersion Corp.*, 762 F.3d 880, 890 (9th Cir. 2014).  Plaintiff's IIED claims against the Apple and Google defendants are **DISMISSED WITH PREJUDICE**.

### D. Copyright Claims

The motions with respect to the copyright claims focus on claim splitting and claim preclusion.  Defendants Apple and YouTube argue that plaintiff's copyright claims against them are barred by the claim-splitting doctrine because of their overlap with plaintiff's existing claims in *Apple I* and *YouTube I*.  Google argues that plaintiff's copyright claim against it is claim-precluded by his prior copyright claim dismissed in *Google I*.  Plaintiff responds that his copyright claims in

the instant action are different because he now alleges that on October 6, 2021 he discovered that Entertainment One had chosen to advertise the Film as a "Brit flick." The parties agree that other than the addition of this allegation, the copyright claims are nearly identical.

As the test for claim-splitting and claim-preclusion are the same, the Court addresses all claims together. *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (quoting *Adams*, 487 F.3d 684, 688 (9th Cir. 2007). The test has two prongs. First, the suits must involve the same parties or their privies. *Id.* at 886. The inclusion of additional defendants does not alter the privity between the parties. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 249 (9th Cir. 1992). Second, the cases must involve the same causes of action. With respect to this prong, courts consider whether (1) rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) substantially the same evidence is presented in the two actions; (3) the two suits involve infringement of the same right; and (4) the two suits arise out of the same transactional nucleus of facts. *Mendoza*, 30 F.4th at 886. The fourth factor is the "most important." *Id.*

With respect to the first prong, there is no dispute that the test is met for all defendants, as the prior actions involve the same parties.

The Court thus focuses on the second prong of which the parties only contest the first factor. As noted, plaintiff only altered his copyright claims by adding one new allegation, *i.e.* that Entertainment One had chosen to advertise the Film as a "Brit flick." The Court finds that this allegation does not change the claim as to these Select Defendants. Plaintiff alleges only that he discovered new conduct by Entertainment One, not by the Apple or Google defendants. Regardless, this one new allegation could not overcome the overwhelming overlap between the prior and the new copyright claims. Additionally, the rights and interests at issue in the prior and current cases are the same. Accordingly, the copyright claims against the Apple and Google defendants are **DISMISSED WITH PREJUDICE**.

///

///

///

## II.  CONCLUSION

The Motions to Dismiss filed by the Apple and Google defendants are **GRANTED WITH PREJUDICE**.  This means that this case is dismissed with prejudice as to these defendants.  Plaintiff has repeatedly moved for reconsideration and is warned, again, that the filing of motions without basis is sanctionable.  To the extent he is not satisfied with the Court's analysis, he always has the option of an appeal to the Ninth Circuit.

This Order terminates Dkt. Nos. 28 and 33.

**IT IS SO ORDERED**.

Date:  July 5, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**