1   Erin R. Ranahan (SBN 235286)
    eranahan@winston.com
2   Thomas J. Kearney (SBN 267087)
    tkearney@winston.com
3   WINSTON & STRAWN LLP
    101 California Street, 35th Floor
4   San Francisco, CA 94111-5840
    Telephone:    (415) 591-1000
5   Facsimile:    (415) 591-1400

6   Attorneys for Defendants Entertainment One
    U.S. LP and Entertainment One U.K. Ltd.

7

8                   **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12  MARK MAHON,                          **Case No. 4:21-cv-08562-YGR**

13            Plaintiff,                  **NOTICE OF MOTION AND MOTION BY
                                          DEFENDANTS ENTERTAINMENT ONE**
14       v.                              **U.S. LP AND ENTERTAINMENT ONE
                                          U.K. LTD. TO DISMISS PLAINTIFF'S**
15  ENTERTAINMENT ONE U.S. LP;           **SECOND AMENDED COMPLAINT FOR
    ENTERTAINMENT ONE U.K. LTD.; and      LACK OF PERSONAL JURISDICTION**
16  DOES 1-16,                           **[RULE 12(b)(2)]**

17            Defendants.                Hearing Date: Tuesday, September 6, 2022
                                         Hearing Time: 2:00 p.m.
18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
FOR LACK OF PERSONAL JURISDICTION ................................................................. 1

MEMORANDUM OF POINTS & AUTHORITIES ................................................................. 1

I.       INTRODUCTION ................................................................................................. 1

II.      PROCEDURAL HISTORY AND FACTUAL BACKGROUND ......................... 2

         A......... Plaintiff's Previous Action Was Dismissed with Prejudice ........................ 2

         B......... The First Amended Complaint and eOne's Motion to Dismiss .................. 2

         C......... The Court Dismisses the FAC ..................................................................... 3

         D......... The SAC, Ignoring the Court's Instructions, Attaches Multiple Supporting
                 Declarations ................................................................................................. 4

                 1.......... Declaration of D. Barrie Graham and Exhibits 1A–9A thereto ....... 4

                 2.......... Declaration of Paul Roberts and Exhibits 1B–3B thereto .............. 5

                 3.......... Declaration of Mark Mahon and Exhibit 1 thereto .......................... 7

                 4.......... The SAC's allegations going to personal jurisdiction ..................... 8

III.     LEGAL STANDARD ........................................................................................... 9

IV.      ARGUMENT: THE SAC FAILS TO ESTABLISH THE COURT'S PERSONAL
         JURISDICTION OVER EONE ........................................................................... 10

         A......... The SAC Fails the *Calder* "Effects" Test ............................................. 10

                 1.......... *Plaintiff's* Amazon Purchases Cannot Establish Personal Jurisdiction
                         over *Defendants* as a Matter of Law ............................................ 11

                 2.......... The SAC Fails to Allege that eOne Knew Harm Was Likely to Be
                         Suffered in California ..................................................................... 13

         B......... The SAC Fails to Show That Plaintiff's Claims "Arise Out of or Relate to"
                 eOne's Minimum Contacts with California ............................................. 14

         C......... The Exercise of Personal Jurisdiction over eOne Would Not Be Reasonable .......... 14

         D......... Any Further Attempt by Plaintiff to Amend His Personal Jurisdiction
                 Allegations Would Be Futile ..................................................................... 15

V.       CONCLUSION ................................................................................................... 16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adobe Sys. Inc. v. Trinity Software Distrib., Inc.*,
   2012 WL 3763643 (N.D. Cal. Aug. 29, 2012) ...............................................................11

*Asahi Metal Indus. Co. v. Sup. Ct.*,
   480 U.S. 102 (1987)........................................................................................................13

*Brainerd v. Governors of the Univ. of Alberta*,
   873 F.2d 1257 (9th Cir. 1989) .......................................................................................12

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)...........................................................................................10, 13, 14

*Calder v. Jones*,
   465 U.S. 783 (1984)..........................................................................................................9

*Cisco Sys. Inc. v. Link US, LLC*,
   2019 WL 6682838 (N.D. Cal. Dec. 6, 2019) .................................................................11

*Dale Tiffany, Inc. v. Meyda Stained Glass, LLC*,
   2017 WL 4417585 (C.D. Cal. Oct. 2, 2017) ..................................................................12

*Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*,
   828 F.2d 1439 (9th Cir. 1987) .......................................................................................14

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
   564 U.S. 915 (2011)........................................................................................................13

*Kindig It Design, Inc. v. Creative Controls, Inc.*,
   157 F. Supp. 3d 1167 (D. Utah 2016) ............................................................................11

*Mahon v. Mainsail LLC*,
   2020 WL 4569597 (N.D. Cal. Aug. 7, 2020) ..............................................................9, 10

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) .........................................................................................9

*Millennium Enters., Inc. v. Millennium Music, LP*,
   33 F. Supp. 2d 907 (D. Or. 1999) ..................................................................................11

*In re Rigel Pharm., Inc. Sec. Litig.*,
   697 F.3d 869 (9th Cir. 2012) ...........................................................................................5

*Rubie's Costume Co. v. Yiwu Hua Hao Toys Co.*,
   2019 WL 4058971 (W.D. Wa. Aug. 28, 2019)...............................................................13

-ii-

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ...................................................................................9

*Stewart v. Screen Gems-EMI Music, Inc.*,
  81 F. Supp. 3d 938 (N.D. Cal. 2015) ........................................................................9

*Symantec Corp. v. Johns Creek Software, Inc.*,
  2011 WL 4026873 (N.D. Cal. Sept. 12, 2011) ..........................................................9

*Synopsys, Inc. v. Ubiquiti Networks, Inc.*,
  2017 WL 3485881 (N.D. Cal. Aug. 15, 2017) ....................................................10, 14

*Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*,
  2021 WL 3493094 (S.D. Cal. Aug. 6, 2021) ............................................................11

*Theos Med. Sys., Inc. v. Nytone Med. Prod., Inc.*,
  2020 WL 500511 (N.D. Cal. Jan. 31, 2020) .............................................................11

*Walden v. Fiore*,
  571 U.S. 277 (2014) ..................................................................10, 11, 13, 14

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) ...............................................................................................13

**Statutes**

17 U.S.C. §106 .............................................................................................................9, 10

18 U.S.C. § 2318 ................................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 12(b)(2) ...............................................................................................1, 9

Fed. R. Civ. P. 12(b)(5) ...................................................................................................1

Fed. R. Civ. P. 12(b)(6) ...................................................................................................1

Fed. R. Civ. P. 12(d) ........................................................................................................9

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants Entertainment One U.S. LP and Entertainment One U.K. Ltd. (collectively, "Defendants," "eOne," or the "eOne Defendants") move to dismiss Plaintiff's Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(2), on the grounds set forth in the accompanying Memorandum of Points & Authorities, other pleadings and papers filed in this action, and such oral argument as the Court may permit. The motion will be heard on Tuesday, September 6, 2022 at 2:00 p.m., or as soon thereafter as may be, before the Honorable Yvonne Gonzales Rogers, in Courtroom 1, 4th Floor, of this Court located at 1301 Clay Street, Oakland, CA 94612, which may be held remotely by Zoom video conference or as otherwise ordered by Court.

Defendants seek dismissal of all claims because the Court lacks personal jurisdiction over eOne.

**MEMORANDUM OF POINTS & AUTHORITIES**

## I.   INTRODUCTION

Plaintiff has been filing meritless, procedurally improper, time-and-money-wasting motions with this Court for nearly two years. He has done so in an apparent attempt to drive up the cost of litigation that, as is now abundantly clear, does not belong in this forum. After the Court repeatedly refused to reconsider its with-prejudice jurisdictional dismissal of the Previous Action, Plaintiff brought this New Action based on exactly the same jurisdictional allegations. When eOne moved to dismiss and sought sanctions for his improper conduct, Plaintiff belatedly attempted to manufacture new "facts" by submitting a third-party declaration with his opposition brief—and then attempted to revise *that* after briefing had already closed. And after the Court dismissed his claims in their entirety, Plaintiff ignored instructions limiting the scope of amendment, and filed yet another unauthorized third-party declaration to allege still more (but still insufficient) facts.

This Court has repeatedly rejected Plaintiff's attempts to hale Defendants into court in this district, and for good reason: Defendants are foreign companies, lacking even minimum contacts with this forum, whose alleged conduct was neither directed to this forum nor the foreseeable cause of any harm to Plaintiff here. Undeterred by multiple dismissals, Plaintiff now attempts to manufacture a connection to this forum, by having his agents make online "straw purchases" of DVD copies of his film *Strength and Honour* (the "Film") through the Amazon.com website. His attempt is unavailing. Because the Constitutional test for personal jurisdiction is whether the *defendant* has minimum contacts with the forum, this Court routinely rejects theories of personal jurisdiction based on a *plaintiff's* attempts to manufacture such contacts.

Plaintiff's theory of personal jurisdiction fails for other reasons as well. Although his agents appear to have made efforts to conceal this fact, their testimony and evidence shows that the *only* purchase made in this district was obtained from an unrelated, third party Amazon reseller called Rarewaves-Imports—*not* eOne. (The only other alleged purchase was made in Ireland, not California.) eOne has never distributed DVD copies of Plaintiff's Film in the United States, and has never licensed either Amazon or Rarewaves-Imports to do so either. Finally, the SAC fails to establish that eOne could have reasonably foreseen harm to Plaintiff in California due to its "action"

-1-

that consisted merely of placing items in the stream of the world's commerce.

For all or any of these independent reasons, personal jurisdiction over eOne here is still improper, and the Court should again dismiss Plaintiff's claims. Because there is no question that any attempt to amend Plaintiff's fundamentally insufficient allegations would be futile, dismissal should be with prejudice.

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### A. Plaintiff's Previous Action Was Dismissed with Prejudice

Plaintiff's Previous Action against eOne was dismissed twice—the second time with prejudice—for lack of personal jurisdiction.[1] The Court rejected multiple attempts by Plaintiff to seek reconsideration, and instructed him not to file further unauthorized or supplemental briefing unless expressly ordered to do so.[2]

### B. The First Amended Complaint and eOne's Motion to Dismiss

Seven months after the Court's final dismissal order in the Previous Action—and well after the time to appeal it had passed—Plaintiff filed this case (the "New Action") against eOne and others. ECF 1 ("Initial Complaint"). A week later, he filed a First Amended Complaint. ECF 6 ("FAC"). As the Court has recognized, the New Action was "based on virtually the same [alleged] conduct" by eOne as the Previous Action. *See* ECF 70 at 1 ("Order"). The FAC also made the same jurisdictional allegations that the Court had already held were insufficient to establish personal jurisdiction against eOne. *See id.* at 2:22–4:3; *see generally* ECF 31-3 (comparison table of allegations in New and Previous Actions). eOne moved to dismiss the New Action for lack of personal jurisdiction and failure to state any of its various claims. ECF 31. At the same time, eOne asked the Court to sanction Plaintiff for improperly attempting to relitigate the issue of personal jurisdiction, which the Court had already conclusively resolved. ECF 36.[3]

---

[1] Case No. 4:20-cv-01527-YGR (N.D. Cal. Mar. 2, 2020) ("Previous Action"), ECF 77 at 1.

[2] *See* Previous Action, ECF 87 at 2 (denying motion for leave to seek reconsideration, and limiting future briefing), 90 (denying "Administrative Motion Seeking Permission to Submit Second Motion for Leave to File Motion for Reconsideration").

[3] The Court held that eOne's arguments in its sanctions motion "were well-taken," granted it in part, and cautioned "that additional sanctions may be imposed if plaintiff does not follow the Court's orders in this and related actions going forward." Order at 5.

In response to eOne's motion to dismiss, Plaintiff simply reiterated his failed arguments from the Previous Action, arguing that personal jurisdiction was warranted: (i) because of a forum selection clause in an eOne distribution agreement, ECF 45 at 5:13–6:19; or (ii) because eOne had "directly or indirectly" provided the Film to companies that "imported/exported the Film through their servers in California," *id.* at 12:3–5; or (iii) because eOne had contracted with third parties who were (or whose parent companies were) residents of the forum, *id.* at 10:24–11:4. This Court had already rejected each of those arguments, some of them multiple times. *See* ECF 70 at 3:15–16; Previous Action, ECF 77 at 1:21–2:7 (rejecting "'stream of commerce' theories of jurisdiction").

Plaintiff's opposition also asserted, for the first time, a brand-new theory: that an individual named D. Barrie Graham, a resident of Ireland, had allegedly purchased a DVD copy of Plaintiff's Film using the Amazon.com website, and had it delivered to him in Ireland. ECF 45-1 ¶¶ 1, 3, 5. (Declaration of D. Barrie Graham, "Graham I"). Although Mr. Graham had purportedly purchased the DVD on November 1, 2021, these allegations were not included in either the Initial Complaint or the FAC.[4]

Then, a week after eOne filed its reply brief, Plaintiff attempted to file an unauthorized "supplemental" Graham declaration—now struck—that altered language in the initial Graham declaration to clarify—apparently—Mr. Graham's conviction that Amazon.com is located "*in the territorial boundaries of the United States of America*[.]" ECF 55 ¶ 3 (Supplemental Declaration of D. Barrie Graham) ("Graham II") (emphasis in original). Mr. Graham also declared, irrelevantly, that his wife had purchased a DVD copy of the Film from Amazon's U.K. website, whence it was delivered to her in Ireland. *Id.* ¶ 8.

### C.    The Court Dismisses the FAC

The Court granted eOne's motion to dismiss the FAC on July 5, 2022, finding that Plaintiff had already "had more than a 'full and fair opportunity to litigate the issue' of personal jurisdiction 'in the previous action,' the issue was actually litigated, and there was a final judgment on the merits." Order at 3 (citation omitted). Because "[a]ll of plaintiff's claims against Entertainment One

---

[4] Mr. Graham claims he received the DVD "a few weeks later." Graham I ¶ 5.

in the instant case [we]re based on the same copyright violation and course of conduct at issue in [the Previous Action]," and because "Plaintiff raise[ed] the same argument regarding personal jurisdiction that this Court rejected [previously]," it dismissed his claims. *Id.* at 3–4. The Court also struck the Graham II "supplemental" declaration as improper, while denying Plaintiff's parallel motion for leave to file it. *Id.* at 4. It also denied Plaintiff's motion to "reinstate" claims from the Previous Action for copyright infringement and trafficking in counterfeit labels. *Id.* However, it granted Plaintiff leave to amend "to include the allegations included in the proposed [supplemental Graham] declaration [,]" and "to include claims for copyright infringement and trafficking in counterfeit labels or packaging." *Id.* at 5. Plaintiff was cautioned that "[a]ny violation of these directions may result in sanctions and the striking of the amended complaint in its entirety." *Id.*

### D.    The SAC, Ignoring the Court's Instructions, Attaches Multiple Supporting Declarations

Plaintiff filed the SAC on July 19, 2022. ECF 73. The SAC dropped Plaintiff's state law claims for fraud, civil conspiracy, and negligent and intentional infliction of emotional distress. *Compare* FAC *with* SAC. It now purports to bring only claims for copyright infringement under the U.S. Copyright Act, and for trafficking in counterfeit labels or packaging under 18 U.S.C. § 2318.[5] *Id.* The SAC largely repeats the FAC's factual allegations, but adds new ones to support Plaintiff's new theory that an alleged online purchase by one of Plaintiff's agents is sufficient to show *eOne's* minimum contacts with this forum. Notwithstanding that amendment was granted only to "include the allegations included in the proposed [supplemental Graham] declaration at Dkt. No. 55[,]" Order at 5, the SAC attaches not one, but three supporting declarations:

#### 1.    Declaration of D. Barrie Graham and Exhibits 1A–9A thereto

In another Declaration of D. Barrie Graham (ECF 73-3) ("Graham III") and Exhibits 1A–9A (ECF 73-4 through 73-12), Mr. Graham declares that he is a resident of Ireland, and claims he

---

[5] Although the SAC says on its face that the second claim is for trafficking in "counterfeit labels, illicit labels, or counterfeit documentation or packaging" pursuant to 18 U.S.C. § 2318 (*see* SAC p.30), it does not (and could not) allege that eOne trafficked in "illicit labels" as the statute defines that term. *See* SAC ¶¶ 129-152; Previous Action, ECF 52, at 14:15–17. The Court did not grant Plaintiff leave to add an "illicit labels" claim. *See* Order.

"purchased a copy of Strength and Honour … on dvd from Amazon.com *in* the territorial boundaries of the United States of America" on November 1, 2021. Graham III ¶ 3 (emphasis in original). As eOne has previously pointed out, this odd circumlocution appears to signify only Mr. Graham's conviction that Amazon.com, Inc. is located in the United States. *See* ECF 52 at 3 n.3. Mr. Graham further claims that the DVD was "sold to [him] in US dollars too", Graham III ¶ 4, even though his credit card statement shows his bank charged him for the purchase in euros, *id.*, Ex. 4A. He concedes that the DVD was shipped to him at his home in Ireland. Graham III ¶¶ 1, 7; *see id.*, Exs. 1A–3A. He notes that his credit card statement reflects a payment made to "AMZN Mktp US." *Id.* ¶¶ 6, 8, Exs. 2A, 4A. And he claims that Delaware corporation "Amazon Export Sales LLC," purportedly headquartered in Seattle, Washington, is registered as a foreign corporation with California's Secretary of State. *Id.* ¶¶ 12, 22, Exs. 2A, 8A.

Mr. Graham also claims that on February 25, 2022, his wife (also an Irish resident) used Amazon's U.K. website to purchase a DVD copy of the Film, which was also delivered to her in Ireland. *Id.* ¶¶ 13, 14, 23. He attaches printouts from Amazon's websites at Amazon.com, Exs. 1A–3A, and Amazon.co.uk, Ex. 9A; a copy of a credit card statement, Ex. 4A; and photos of portions of the covers of the DVDs he and his wife ordered and received in Ireland, Exs. 5A–7A, 9A.

### 2.    Declaration of Paul Roberts and Exhibits 1B–3B thereto

Ignoring the Court's limitation on amendment, Plaintiff attaches to the SAC a new declaration and three new exhibits from a new witness, Paul Roberts.[6] Mr. Roberts claims he purchased a DVD copy of the Film from his home in Santa Monica, California on February 25, 2022 using the Amazon.com website. ECF 73-13 ("Roberts Decl.") ¶¶ 1, 3. Mr. Roberts further claims that he paid for the DVD in U.S. dollars, *id.* ¶¶ 4, 5, 9, and that his credit card statement shows a payment to "AMZN Mktp US" with a "Merchant Location" of "Amzn.com/bill WA 98109," *id.* ¶¶ 6, 9. Mr. Roberts also purports to attach "a true and correct copy of the cover used by Entertainment One for the Film," *id.* ¶ 8, Ex. 1B, and "true and correct screenshots from

---

[6] The complete webpage is made part of the SAC by reference, since Plaintiff relies on it in his pleading, so it may be considered by the Court. *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 875–76 (9th Cir. 2012) (on a motion to dismiss, the court may consider the complaint, any "materials incorporated into the complaint by reference, and matters of … judicial notice.").

1    Amazon.com[,]" which he "saved from [his] account," *id.* ¶¶ 7, 10, Ex. 3B.

2          Mr. Roberts' screenshots "from [his] account" are highly misleading, apparently by design.

3    They include a URL ("uniform resource locator") with the online location of the webpage from

4    which the screenshots were allegedly taken. Roberts Decl. ¶¶ 7, 10, Ex. 3B. But inspection of the

5    *entire* webpage shows that the Roberts screenshots omit key information: namely, that the DVD he

6    ordered was "Sold by" a third-party online reseller, RAREWAVES-IMPORTS—not eOne. *Compare*

7    *id.* (Roberts screenshot), *with* Kearney Decl. ¶ 2, Ex. A (printout of entire Amazon webpage at that

8    URL). A comparison of the truncated Roberts screenshot with the more complete version is below:

9

10
11
12
13
14
15
16   
17
18
19
20

21   ECF 73-16 (Roberts screenshot).
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16

17   Kearney Decl. ¶ 2, Ex. A (excerpt of full webpage printout) (arrows added). Also tellingly, the

18   Roberts screenshot omits or deletes a warning that the DVD is for "Playback Region 2," so it "will

19   not play on most DVD players sold in the U.S." Finally, the name "RAREWAVES-IMPORTS" in

20   the Amazon webpage is also a hyperlink: clicking it opens another Amazon.com webpage, which

21   shows that Rarewaves-Imports is the name of U.K. company Rarewaves.com Ltd., located in Great

22   Britain. *Id.* ¶ 3, Ex. B.

23            **3.    Declaration of Mark Mahon and Exhibit 1 thereto**

24            The Mahon Declaration (ECF 73-1) explains that "in or around mid-February, 2022[,]"

25   Plaintiff asked his Irish attorney "to independently confirm that Amazon.com w[as] selling the

26   Film[,]" while conceding that the attorney did not order or receive a copy of the Film. Mahon Decl.

27   ¶¶ 4–5, Ex. 1. The attached Exhibit 1—an unsworn letter from the attorney—also includes a

28   screenshot, purportedly from the Amazon.com website, indicating that a DVD copy of the Film

could be ordered from Amazon seller "Rarewaves-Imports." *Id.* The screenshot also indicates that the offered DVD was in PAL [European] format, and features a highlighted warning that the "Playback Region 2" DVD "will not play on most DVD players sold in the U.S." *Id.*

### 4.   The SAC's allegations going to personal jurisdiction

The SAC contains the following allegations that go to Plaintiff's "jurisdiction-via-agent's-Amazon-purchase" theory of personal jurisdiction:

***Graham Declaration allegations:***

- "On November 1, 2021, a copy of the Film with the counterfeit cover and packaging with counterfeit marks was purchased on DVD from Amazon.com through Amazon Export Sales LLC … in the territorial boundaries of the United States of America." SAC ¶ 87.

- "The Platinum Visa Card ending in 5622, which recorded the purchase of the Film, also recorded the transaction in U.S. dollars in the territorial boundaries of the United States." *Id.*

***Roberts Declaration allegations:***

- "On February 25, 2022, a … copy of the Film with the counterfeit cover and counterfeit marks was purchased on DVD from Amazon.com in California." *Id.* ¶ 100.

- "The MasterCard ending in 6860, which recorded the purchase of the Film, also recorded the transaction in U.S. dollars and listed the Merchant Location as 'Amzn.com/bill WA 98109.'" *Id.*

- "It also clearly identifies 'Entertainment One' as the studio in the product details and shows the Film still being misidentified as a 'Brit flick.'" *Id.*

- "… despite only recently showing the title as Strength And Honour '[DVD][2007]', the 'Product details' clearly list the 'Release date: [as] February 22, 2010[.]'" *Id.*

***Mahon Declaration allegations:***

- "Plaintiff asked [his attorney] in Ireland to independently record that Amazon.com w[as] selling the Film[.]" *Id.*

- "[A video of the trailer on the Film's Facebook page] was working before [February 16, 2022]." *Id.* ¶ 101.

Based on these statements, Plaintiff alleges that eOne "distributed the Film directly or indirectly on Amazon.com who are registered in the State of California and who distributed the Film

-8-

1  in the territorial boundaries of the United States in violation of Plaintiff's exclusive rights under the

2  Copyright Act, 17 U.S.C. §106, as well as importing and exporting the Film in the United States."

3  *Id.* ¶ 110.

4  **III.    LEGAL STANDARD**

5       To establish specific[7] personal jurisdiction over a non-resident defendant in a copyright or

6  counterfeiting case, a plaintiff must show three things: (1) that the defendant "purposefully direct[ed]

7  his activities to or consummate[d] some transaction with the forum or residents thereof"; (2) that

8  each claim "arises out of or relates to the defendant's forum-related activities"; and (3) that the

9  exercise of jurisdiction in the forum "comport[s] with fair play and substantial justice, i.e. … [is]

10  reasonable." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227–28 (9th Cir. 2011)

11  (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)); *Mahon v.*

12  *Mainsail LLC*, 2020 WL 4569597, at *12 (N.D. Cal. Aug. 7, 2020). "The plaintiff bears the burden

13  of satisfying the first two prongs of the test[,]" and a failure to satisfy either prong means that

14  "personal jurisdiction is not established in the forum state." *Schwarzenegger*, 374 F.3d at 802.

15  "When adjudicating a motion to dismiss" for lack of personal jurisdiction under Rule 12(b)(2), "a

16  court may consider extrinsic evidence—that is, materials outside of the pleadings, including

17  affidavits submitted by the parties." *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938,

18  951 (N.D. Cal. 2015) (Corley, Mag. J.) (citations omitted); *see also* Fed. R. Civ. P. 12(d).

19       To evaluate the first, "purposeful direction" prong for claims that (like these) sound in tort,

20  the Court applies the "effects" test established in *Calder v. Jones*, 465 U.S. 783 (1984). *See*

21  *Mainsail*, 2020 WL 4569597, at *12, (applying *Calder* "effects" test to claims including copyright

22  infringement and trafficking); *Symantec Corp. v. Johns Creek Software, Inc.*, 2011 WL 4026873, at

23  *2–*3 (N.D. Cal. Sept. 12, 2011) (Alsup, D.J.) (same).

24       To meet the second, "arising out of or relating to" prong of the Constitutional personal

25  jurisdiction inquiry, "the defendant's suit-related conduct must create a substantial connection with

26  the forum State … [and] arise out of contacts that the defendant *himself* creates with the forum

27

28

---

[7] The Court has already found that the eOne Defendants are not subject to general jurisdiction in this forum. Previous Action, ECF 52 at 20. Plaintiff does not challenge that ruling.

-9-

1   State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis in original) (internal quotations and

2   citations omitted); *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, 2017 WL 3485881, at *24 (N.D. Cal.

3   Aug. 15, 2017). The Supreme Court has "consistently rejected attempts to satisfy the defendant-

4   focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third

5   parties) and the forum State." *Walden*, 571 U.S. at 284.

6        Finally, if (and only if) the plaintiff succeeds in satisfying both of the first two prongs, the

7   burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would

8   not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985).

9   **IV.   ARGUMENT: THE SAC FAILS TO ESTABLISH THE COURT'S PERSONAL**

10         **JURISDICTION OVER EONE**

11       The SAC contains only two new allegations that are colorably relevant to personal

12  jurisdiction. ***First***, that eOne "distributed the Film directly or indirectly on Amazon.com who are

13  registered in the State of California and who distributed the Film in the territorial boundaries of the

14  United States in violation of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §106, as

15  well as importing and exporting the Film in the United States[.]" SAC ¶ 107. ***Second***, that

16  "Amazon.com has physical retail copies … being sold with counterfeit covers containing counterfeit

17  marks; and are still available for purchase in the United States today." *Id.* ¶ 110. These vague

18  allegations, in turn, are based on declarations stating that Mr. Graham (in Ireland) and Mr. Roberts

19  (in Santa Monica, California) purchased DVD copies of Plaintiff's Film online using the

20  Amazon.com e-commerce website (the "Amazon Purchases"). *See supra* §§ II.D.1, II.D.2.

21       Accepting the truth of the Graham and Roberts Declarations for the sake of argument, neither

22  comes close to showing that the exercise of personal jurisdiction over eOne is warranted.

23       **A.   The SAC Fails the *Calder* "Effects" Test**

24       The "effects" test established by the Supreme Court's decision in *Calder v. Jones* requires

25  that the defendant have "committed an intentional act … expressly aimed at the forum state …

26  causing harm that the defendant knows it is likely to be suffered in the forum state." *Mainsail*, 2020

27  WL 4569597 at *12 (citations and quotations omitted). Plaintiff must establish all of these elements,

28  but he can show none of them.

-10-

1

2

### 1.   *Plaintiff's* Amazon Purchases Cannot Establish Personal Jurisdiction over *Defendants* as a Matter of Law

3      Plaintiff's Amazon Purchases fail to establish personal jurisdiction over eOne for the simple

4  reason that "a plaintiff cannot manufacture personal jurisdiction ... by purchasing the accused

5  product in the forum state[.]" *Cisco Sys. Inc. v. Link US, LLC*, 2019 WL 6682838, at *5 (N.D. Cal.

6  Dec. 6, 2019) (quoting *Adobe Sys. Inc. v. Trinity Software Distrib., Inc.*, 2012 WL 3763643, at *6

7  (N.D. Cal. Aug. 29, 2012)); *Theos Med. Sys., Inc. v. Nytone Med. Prod., Inc.*, 2020 WL 500511, at

8  *6 (N.D. Cal. Jan. 31, 2020) (same, collecting cases); *Talavera Hair Prods., Inc. v. Taizhou Yunsung*

9  *Elec. Appliance Co.*, 2021 WL 3493094, at *8 (S.D. Cal. Aug. 6, 2021) (same). The reason is clear:

10  "the personal jurisdiction analysis focuses on the defendant's, not the plaintiff's, contacts with the

11  forum." *Cisco Sys.*, 2019 WL 6682838 at *5; *accord Walden*, 571 U.S. at 286 ("Due process

12  requires that a defendant be haled into court in a forum State based on [its] own affiliation with the

13  State, not based on the 'random, fortuitous, or attenuated' contacts [it] makes by interacting with

14  other persons affiliated with the State.") (internal quotations and citations omitted). Indeed, to hold

15  otherwise would effectively remove *any* limitation on personal jurisdiction: a would-be litigant could

16  simply employ an agent within *any* desired jurisdiction to reach out to a putative defendant and

17  "establish" a "contact." Accordingly, the overwhelming weight of authority is that such attempts are

18  entitled to no weight whatsoever. *See, e.g.*, *Millennium Enters., Inc. v. Millennium Music, LP*, 33 F.

19  Supp. 2d 907, 911 (D. Or. 1999) (finding no personal jurisdiction where "an acquaintance of

20  plaintiff's counsel instructed [a third party] to purchase a compact disc from defendants"); *Kindig It*

21  *Design, Inc. v. Creative Controls, Inc.*, 157 F. Supp. 3d 1167, 1174 (D. Utah 2016) (collecting cases

22  within other circuits). *Talavera Hair* is particularly instructive here, since it, like this case, concerned

23  sales by means of Amazon's website: in that case, the plaintiff "aver[red] that he ha[d], in fact,

24  purchased infringing products from several of the [defendants] from Amazon … and had the items

25  shipped to California." 2020 WL 500511, at *8. That was insufficient to establish personal

26  jurisdiction in California—even though, unlike here, the plaintiff had purchased the goods *from the*

27  *defendants themselves*.

28

-11-

1   Indeed, the connection here is even more attenuated than in the above cases, since the

2   evidence here shows that the only DVD copy of the Film allegedly shipped to California was both

3   *sold by* and *shipped from* third-party Amazon seller "Rarewaves-Imports." *See supra* § II.D.2;

4   Roberts Decl. ¶¶ 7, 10, Ex. 3B; Kearney Dec. ¶¶ 2, 3, Exs. A, B. eOne does not license (and never

5   has licensed) Rarewaves-Imports to sell, market, or distribute DVD copies of Plaintiff's Film in

6   California or the United States. Declaration of Simon Osborn ("Osborn Decl.") ¶¶ 4, 5. In addition,

7   eOne has never sold, marketed, or distributed DVD copies of the Film on Amazon.com. *Id.* ¶¶ 2, 5.

8   Further, eOne has never licensed Amazon to do so, either. Osborn Decl. ¶¶ 3, 5. Even if the straw

9   purchases alleged by Plaintiff's agents were sufficient to establish minimum contacts in this forum

10  with *some* Amazon reseller—though for the reasons explained above, they are not—those contacts

11  would be with an unrelated third party, not eOne.

12  And there can be no serious question that Messrs. Graham and Roberts purchased their DVD

13  copies of the Film at Plaintiff's request, to serve his litigation needs. Among other things, both of

14  their declarations are replete with otherwise inexplicable statements that echo Plaintiff's substantive

15  legal theories and arguments. These include conclusory, speculative statements that the DVD cover

16  is "counterfeit" (Graham III ¶¶ 3, 10); statements that the cover contains the phrase "Brit flick"

17  (Graham III ¶¶ 11, 13, 14; Roberts Decl. ¶¶ 7, 10); and statements emphasizing that "just" Vinnie

18  Jones appears on the front cover (Graham III ¶¶ 3, 10, 14; Roberts Decl. ¶ 3).

19  "[T]he Ninth Circuit has rejected the exercise of specific jurisdiction in instances where the

20  defendant's contacts are 'attenuated' or are 'based upon the unilateral activities of … third parties.'"

21  *Dale Tiffany, Inc. v. Meyda Stained Glass, LLC*, 2017 WL 4417585, at *7 (C.D. Cal. Oct. 2, 2017)

22  (quoting *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1259 (9th Cir. 1989)). This

23  Court has uniformly rejected attempts exactly like Plaintiff's to make an end-run around the

24  Constitutional limits on personal jurisdiction by means of such straw purchases. It should do so

25  again and dismiss Plaintiff's action, this time with prejudice.

26  Further, even if eOne sold Plaintiff's Film on Amazon.com (it did not) and the Film was

27  purchased in California for a purpose other than to manufacture jurisdiction (it was not), the Amazon

28  Purchases are insufficient under the second prong of the purposeful direction test because they were

-12-

a "small number of products [sold] to consumers" in California and there is "no additional evidence the sales were 'expressly aimed'" at California. *Rubie's Costume Co. v. Yiwu Hua Hao Toys Co.*, 2019 WL 4058971, at \*3 (W.D. Wa. Aug. 28, 2019) (collecting cases and holding the sale of 59 allegedly infringing costumes on Amazon.com were "hardly a continuous and deliberate exploitation of the [state's] market, sufficient to satisfy the 'express aiming' requirement").

### 2.    The SAC Fails to Allege that eOne Knew Harm Was Likely to Be Suffered in California

In analyzing whether a claim "arises out of or relates to the defendant's forum-related activities," courts "look[] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. "Due process requires that a defendant be haled into court in a forum State based on [its] own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts [it] makes by interacting with other persons affiliated with the State*." Id.* at 286 (quoting *Burger King*, 471 U.S. at 475).

The SAC utterly fails this required prong of the Constitutional inquiry. Plaintiff cannot show—and does not even attempt to show—that eOne reasonably could have foreseen that harm might be suffered in California, merely because a single item that eOne placed in the "stream of commerce" eventually ended up here. Courts have resoundingly rejected this theory of personal jurisdiction. *See, e.g.*, *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (contrasted the foreseeability of litigation in a state to which a consumer fortuitously transports a defendant's product (insufficient contacts) with the foreseeability of litigation in a state where the defendant's product was regularly sold (sufficient contacts)); *Asahi Metal Indus. Co. v. Sup. Ct.*, 480 U.S. 102, 111 (1987) (recognizing that "the Due Process Clause … require[s] something more than that the defendant was aware of its product's entry into the forum State through the stream of commerce in order for the State to exert jurisdiction over the defendant."); *Rubie's Costume*, 2019 WL 4058971, at \*4 (noting "[p]laintiff has not alleged any facts suggesting that [d]efendant, a resident of Nevada, would reasonably know that [p]laintiff, a New York corporation, would be likely to suffer harm in Washington as a result of the allegedly infringing behavior such that [d]efendant would be subject to a lawsuit here"); Previous Action, ECF 77 at 2 (citing *Goodyear Dunlop Tires*

-13-

*Ops., S.A. v. Brown*, 564 U.S. 915, 924–25 (2011)) (rejecting "stream of commerce" theories of jurisdiction).

**B.     The SAC Fails to Show That Plaintiff's Claims "Arise Out of or Relate to" eOne's Minimum Contacts with California**

For the same reasons the SAC fails the *Calder* "effects" test—and thus fails to show "intentional direction"—it also fails the second prong of the overarching Constitutional inquiry. Plaintiff cannot show that his claims "arise out of or relate to" eOne's minimum contacts with California when no such contacts exist. Just as discussed above, claims that arise out of the conduct of Plaintiff's agents cannot suffice: for Plaintiff to satisfy this factor, "the defendant's suit-related conduct must create a substantial connection with the forum State… [and] arise out of contacts that the defendant *himself* creates with the forum State." *Walden*, 571 U.S. at 284 (quoting *Burger King*, 471 U.S. at 475) (emphasis in original); *Synopsys*, 2017 WL 3485881, at *24. The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden*, 571 U.S. at 284.

Plaintiff's personal jurisdiction arguments thus fail for this independent reason as well.

**C.     The Exercise of Personal Jurisdiction over eOne Would Not Be Reasonable**

In the Ninth Circuit, the reasonableness of an assertion of personal jurisdiction over a nonresident defendant is determined by balancing seven factors:

(1) The extent of purposeful interjection into the forum state;

(2) The burden on the defendant of defending in the forum;

(3) The extent of conflict with the sovereignty of defendant's state;

(4) The forum state's interest in adjudicating the dispute;

(5) The most efficient judicial resolution of the controversy;

(6) The importance of the forum to plaintiff's interest in convenient and effective relief; and

(7) The existence of an alternative forum.

*Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987). "[D]ue process require[s] that the defendant's expectations and burdens should be weighed more heavily than the

-14-

1    plaintiff's hardships[.]" *Id.* at 1445.

2        Here, every factor weighs against Plaintiff, and most weigh heavily. *First*, eOne has not

3    "purposefully interjected" itself into California at all; this factor weighs heavily against the exercise

4    of personal jurisdiction. *Second*, the burden on eOne of defending itself in the forum would also be

5    heavy: it has no presence here, and all of its relevant personnel and documents are outside the

6    forum—mostly in England. *Third*, to the extent this Court would apply U.S. law to the overseas acts

7    of an English company in a dispute with an Irish citizen—or alternatively, interpret and apply the

8    laws of England or Ireland in connection with the dispute—that would likely interfere with

9    England's sovereignty, and potentially with Ireland's. *Fourth*, California has zero interest in

10   adjudicating this dispute, for the simple reason that *none* of the parties are resident here, and there is

11   *no* evidence that *anything* relevant occurred here. *Fifth*, it would likely be far more efficient to

12   resolve this trumped-up dispute in a jurisdiction where at least *some* relevant activity is alleged to

13   have occurred, and where at least *one* of the relevant parties resides. *Sixth*, it remains completely

14   unclear—even after years of litigation—why Plaintiff insists on attempting to resolve his dispute

15   with eOne in this forum, where he himself appears to have no presence of any kind (other than his

16   multiple litigations). *Seventh*, the courts of England or Ireland are completely competent to resolve

17   this dispute.

18       **D.    Any Further Attempt by Plaintiff to Amend His Personal Jurisdiction**

19              **Allegations Would Be Futile**

20       Amendment cannot possibly save Plaintiff's allegations, which are categorically insufficient

21   to establish a basis for personal jurisdiction here. In the absence of intentional acts by eOne directed

22   toward this forum, the unilateral conduct of Plaintiff's agents simply cannot satisfy the bedrock

23   Constitutional requirements for the Court's exercise of personal jurisdiction, no matter what

24   additional facts Plaintiff attempts to allege or what new legal spin he tries to put on them. Nor can

25   unilateral conduct by other third parties, such as online sales by Amazon resellers having no

26   connection to eOne, possibly be a basis for personal jurisdiction. The Court should again dismiss this

27   case, and Plaintiff's claims, this time with prejudice and without leave to amend.

28   / / /

-15-

## V.    CONCLUSION

For all the reasons discussed above, the Court lacks any basis to exercise personal jurisdiction over Defendants, so it should dismiss Plaintiff's claims. Because any attempt at amendment would plainly be futile, dismissal should be with prejudice.


Dated: August 2, 2022                    Respectfully submitted,

WINSTON & STRAWN LLP

By:    /s/ *Thomas J. Kearney*
       Erin R. Ranahan (SBN 235286)
       eranahan@winston.com
       Thomas J. Kearney (SBN 267087)
       tkearney@winston.com
       WINSTON & STRAWN LLP
       101 California Street, 35th Floor
       San Francisco, CA 94111-5840
       Telephone:    (415) 591-1000
       Facsimile:    (415) 591-1400

       *Counsel for Defendants*
       *Entertainment One U.S. LP and*
       *Entertainment One U.K. Ltd.*