# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

**MARK MAHON**,

    Plaintiff,

**v.**

**ENTERTAINMENT ONE US LP, ETC.**,

    Defendants.

Case No.: 4:21-CV-08562-YGR

**ORDER GRANTING MOTION TO DISMISS**

Dkt. No. 74

Pending before the Court is defendants Entertainment One US and Entertainment One UK Limited's (together, "Entertainment One") motion to dismiss plaintiff Mark Mahon's First Amended Complaint ("FAC").[1] (Dkt. No. 74.) In this and a prior action, plaintiff has brought claims against Entertainment One related to its alleged infringement of his copyrights of the film *Strength and Honour* ("the Film"). As addressed in the order on Entertainment One's motion to dismiss the initial complaint in this action, the Court has granted plaintiff multiple opportunities (and jurisdictional discovery) to show that this Court has personal jurisdiction over Entertainment

---

[1] The Court has reviewed the papers submitted by the parties in connection with the motion to dismiss and has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

The Court also notes plaintiff's request for judicial notice. (Dkt. No. 76.) Judicial notice is a specific tool to be used for items (such as facts or documents) which are self-evident, self-executing, or otherwise uncontroversial, such as "Labor Day" in the United States is celebrated on the first Monday in September. Those facts or documents which are subject to judicial notice, may then be referenced in the briefing papers themselves. It is not a tool for the Court to accept plaintiff's "facts" as true which is the manner in which plaintiff uses the tool. In effect, plaintiff uses the request for judicial notice to make additional arguments. The request is therefore **DENIED** in full.

One. (Dkt. No. 70). Plaintiff has so far failed to do so. In its order on Entertainment One's prior motion to dismiss in this action, the Court granted plaintiff leave to amend his complaint to allege personal jurisdiction based on Entertainment One's alleged contacts with the forum through sale of DVDs of the Film in and from the forum. (*Id.*) The instant motion alleges that plaintiff has failed to meet his burden to show this Court has jurisdiction.[2]

## I. BACKGROUND

The Court incorporates the background section in docket number 70 and prior orders referenced therein regarding the history of this litigation and plaintiff's allegations.

The amended complaint, opposition to the instant motion, and associated declarations, allege the following facts relevant to personal jurisdiction[3]:

Barrie Graham, a resident of County of Cork, Ireland purchased a copy of the Film on DVD on November 1, 2021, "from Amazon.com in the territorial boundaries of the United States." (Dkt. No. 73-7, Graham Decl. at ¶ 3.) Graham further states that screenshots and other evidence show that the purchase indicate "the Amazon location and country/region where the purchase was made" and that the DVD was exported from the United States to Ireland, where it was delivered to him. (*Id.*) He further states that the counterfeit film sold to him had a counterfeit cover created by Entertainment One. (*Id.*) He provides images indicating that the DVD has E1 logos on it. (*Id.* at ¶¶ 10-11.)

Paul Roberts is a resident of Santa Monica, California. (Dkt. No. 73-13, Roberts Decl. at ¶ 1.) On February 25, 2022, he purchased a copy of the Film from Amazon while in California. (*Id.* at ¶ 13.) Roberts does not state, and the exhibits do not indicate, whether the DVD he received included E1 logos, however, a screenshot of the product details provided on Amazon indicates that the "studio" that released the film is Entertainment One. (*Id.* at Ex. 3B.) Finally, he states and

---

[2] Acceptance of service of a complaint by a "waiver" of service is not a concession that jurisdiction exists. It merely eliminates the cost to plaintiff of formal service of the complaint.

[3] The Court notes that plaintiff failed to comply with this Court's prior orders by filing supplemental declarations without leave from this Court. However, given the Court's ruling herein, and to avoid further motion practice, the Court, nonetheless considered the submissions.

provides images indicating that as of July 15, 2022, the film was still being sold and advertised on Amazon in California. (*Id.* at ¶ 9.)

Kimora R. Pope, an attorney with an office in Los Angeles California declares that on August 9, 2022, she purchased a copy of the Film on DVD from Amazon in California from "MovieMars" while in California. (Dkt. No. 75-4, Pope Decl. at ¶¶ 1, 3.) The DVD was delivered to a P.O. Box in Los Angeles. (*Id.* at Ex. 1.) When she looked on Amazon, the product description of the film listed Entertainment One as the studio. (*Id.*)

## II. LEGAL STANDARD

The Court refers to the legal standard provided at docket number 70.

## III. ANALYSIS

Personal jurisdiction may be general or specific.[4] The Court has already considered and rejected plaintiff's argument regarding general jurisdiction in this forum.[5]

Specific jurisdiction allows courts to hear claims arising out of or related to a defendant's "minimum contacts" with the forum. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227 (9th Cir. 2011). In this Circuit, specific jurisdiction is analyzed under a three-prong test: "(1) The non-resident defendant must *purposefully direct his activities* or consummate some transaction with the forum or resident thereof; *or* perform some act by which he *purposefully avails himself* of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Id.* at 1227-28 (citations omitted). Plaintiff has the burden to establish the first two prongs. *Id.* at 1228. If plaintiff satisfies the first two prongs, the burden shifts to the defendant to make a "compelling case" against jurisdiction under the third prong. *Id.*

---

[4] Plaintiff confuses personal jurisdiction with subject matter jurisdiction. Both are required. Diversity jurisdiction is a type of subject matter jurisdiction.

[5] *Mahon v. Entertainment One U.S. LP, et al.*, Case No. 20-cv-01527 (N.D. Cal. Mar. 2, 2020), Dkt. No. 52 at 20.

3

Copyright claims are typically evaluated under "purposeful direction" using the "effects" test established in *Calder v. Jones*, 465 U.S. 783 (1984). *Id.* The "effects" test asks whether defendant committed an intentional act expressly aimed at the forum state, causing harm that the defendant knows is likely to be suffered in the forum state. *Id.*

Plaintiff has alleged that the DVDs purchased by declarants were created by Entertainment One and were "new." The DVDs have markings showing "Entertainment One" and/or are described by Amazon in its product descriptions as being from the "studio" Entertainment One. However, plaintiff has not alleged any facts indicating that Entertainment One knew that its products were being sold on Amazon. There is no indication that Entertainment One was a vendor on Amazon or sold the products through Amazon to the declarants or anyone else. Indeed, Pope specifically states that she purchased her DVD from a seller called MovieMars. (Pope Decl. at ¶¶ 1, 3.)

Given that plaintiff has alleged no facts indicating that Entertainment One was involved in these transactions, or even that Entertainment One directly sold the DVDs to the vendors who then sold the DVDs to declarants, plaintiff has provided no evidence of contacts between Entertainment One and the forum. As plaintiff has not identified any contacts between Entertainment One and the forum, the Court cannot even initiate an analysis of specific jurisdiction. There is no indication that Entertainment One knew its products would be sold by others in the forum, let alone that Entertainment One directed sales to California.

As explained above, plaintiff has been given multiple opportunities to establish personal jurisdiction over Entertainment One. The Court will not reconsider the lack of a showing of general jurisdiction. Plaintiff has failed to satisfy his burden. For the foregoing reasons, the pending motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND**.

The Clerk is **DIRECTED** to close the case and issue a judgment in favor of Entertainment One against plaintiff.

This Order terminates docket number 74.

**IT IS SO ORDERED**.

Date: September 2, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**